```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

MARIA LOUISE NELSON                        CIVIL ACTION

VERSUS                                     NO. 06-9631

CHARLES SMITH AND ASSOCIATES               SECTION "R" (5)
INSURANCE COMPANY, ET. AL.


## ORDER AND REASONS

Before the Court is defendant Standard Mortgage Corporation's motion for summary judgment. For the following reasons, the Court GRANTS defendant's motion.

**I.   BACKGROUND**

On August 25, 2006, *pro se* plaintiff Maria Louise Nelson brought various claims in state court against insurance and loan servicing companies relating to damage to her home caused by Hurricane Katrina, which struck New Orleans a year earlier on August 29, 2005. She filed suit against the following defendants: (1) Charles Smith and Associates Insurance Company, (2) Louisiana Citizens Fair Plan Insurance Corporation, (3) Allstate Insurance

1

Company, (4) 1st Palm Financial Services, and (5) Standard Mortgage Corporation. Nelson's complaint is skeletal. Although she alleges breach of contract, negligence, breach of fiduciary duty, and statutory violations, she does not specify any agreement that was allegedly broken or how defendants were negligent. Moreover, she does not even aver in her complaint any contractual or other relationship with any of the named defendants. Still, on November 6, 2006, Allstate, a Write-Your-Own Program insurance carrier participating in the National Flood Insurance Program under the National Flood Insurance Act, removed this case to federal court, because plaintiff's claims appear to relate to the handling of a Standard Flood Insurance Policy and thus raise a federal question under 42 U.S.C. § 4072. Nelson has not sought to amend her complaint with more specific allegations. But later filings indicate that Allstate had issued an SFIP for Nelson's property.[1]

On March 9, 2007, Standard Mortgage moved for summary judgment. It essentially argues that it had nothing to do with Nelson's property at the time of the storm or after. Nelson did not file a timely response to Standard's motion. In the interim, defendant Charles Smith and Associates filed a motion to dismiss

---

[1] *See* R. Doc. 13 at 27.

on June 27, 2007.[2] That same day, the Court held a show-cause hearing at which it allowed Nelson thirty days to take the appropriate steps to prosecute her claims, lest they be dismissed.[3] On July 24, 2007, Nelson filed an "Opposition to Defendants(s) [*sic*] Motion to Dismiss" in which she asserts that Charles Smith acted as her insurance agent that she had an insurance policy with Allstate.[4] But she does not address Standard Mortgage's arguments in any of her filings.

## II. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate when there are no genuine issues of material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To grant summary judgment, the Court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 178

---

[2] *See* R. Doc. 17.

[3] *See* R. Doc. 21.

[4] *See* R. Doc. 27.

(5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The moving party bears the burden of establishing that there are no genuine issues of material fact. *See Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex*, 477 U.S. at 322-25). To do so, it may simply point out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim or defense. *See Celotex*, 477 U.S. at 325; *Lavespere*, 910 F.2d at 178. Or it may submit affidavits setting forth "specific facts showing that there is no genuine issue for trial." Fed. R. Civ. P. 56(e). The burden then shifts to the nonmoving party, who must set out specific facts showing that a genuine issue exists by submitting or referring to evidence already in the record, not resting upon mere allegations in the pleadings. *See Triple Tee Golf*, 485 F.3d at 261 (citing *Celotex*, 477 U.S. at 321-25; *Anderson*, 477 U.S. at 255-57).

    **B.    The Absence of a Relationship between Nelson and Standard Mortgage**

In support of its motion for summary judgment, Standard Mortgage has submitted the affidavit of Steven Bradshaw, its Senior Vice President, in which he avers that any obligations Standard had concerning Nelson's property ended before the

hurricane.[5] Bradshaw states that between July 15, 1981 and June 23, 2003 Standard serviced the mortgage and paid premiums on a flood insurance policy for Nelson's property procured by her mortgagors, the New Orleans Federal Savings and Loan Association and the Louisiana Public Facilities Authority. The premiums that Standard paid provided coverage effective through March 14, 2004.[6] On May 14, 2003, Standard received notice that another company had taken title to Nelson's loan and that loan servicing would be transferred to 1st Palm Financial on June 21, 2003, leaving Standard with no further responsibilities for Nelson's property.[7]

This affidavit establishes that Standard Mortgage had no relationship with Nelson or her mortgagor at the time of the storm or after. In the absence of such a relationship, Standard did not have any obligations toward Nelson that it could have breached. Nor was it in any position to injure her through any alleged negligence. Since Standard has shown that there is no genuine issue of fact about its (lack of) relationship with plaintiff, Nelson bears the burden of demonstrating that there

---

[5] *See* R. Doc. 6-4 at 2.

[6] *See id.*

[7] *See id.*

is. Nelson has had ample time to respond to Standard's motion, but she has not done so. Under Rule 56(e) of the Federal Rules of Civil Procedure, if the nonmovant does not respond, "summary judgment, if appropriate, shall be entered against [her]." Accordingly, Standard Mortgage is entitled to summary judgment.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Standard Mortgage's motion for summary judgment

New Orleans, Louisiana, this __2nd__ day of August 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE