```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

MARIA L. NELSON                                CIVIL ACTION

VERSUS                                         NO: 06-9631

CHARLES SMITH AND ASSOC.                       SECTION: R(5)
INSURANCE COMPANY, ET AL.
```

### ORDER AND REASONS

Before the Court is defendant Allstate Insurance Company's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (R. Doc. 37.) The plaintiff, who is proceeding *pro se*, has not responded to Allstate's motion. For the following reasons, the Court GRANTS Allstate's motion.

### I.   ALLSTATE'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, a Louisiana citizen, sued Allstate, her flood insurer, on August 25, 2006. Plaintiff asserts claims for breach of contract and improper claims adjustment against Allstate related to the coverage that Allstate provided under a Standard

Flood Insurance Policy (SFIP) for damage to plaintiff's home resulting from Hurricane Katrina.

On April 15, 2008, Allstate filed a motion for summary judgment in accordance with the scheduling order entered in this case. Allstate argues that plaintiff's breach of contract claim is barred because plaintiff did not comply with conditions precedent set forth in her SFIP before filing suit. Specifically, Allstate contends that plaintiff failed to comply with Article VII(J)(4), which requires a plaintiff to timely submit a signed and sworn proof of loss. Allstate asserts that plaintiff's claims are therefore barred pursuant to Article VII(R) of the SFIP. *See e.g., Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998) (explaining that provisions of the SFIP must be strictly construed and enforced); *Gowland v. Aetna, Inc.*, 143 F.3d 951, 954 (5th Cir. 1998) (explaining that "it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the [SFIP]"); *Lafon v. State Farm Fire and Cas. Co.*, No. Civ. A. 99-27, 1999 WL 511400, at * 2 (holding that an insured's failure to provide a complete, sworn proof of loss statement as required by the flood insurance policy relieves the federal insurer's obligation to pay what otherwise might be a valid claim).

Allstate further contends that plaintiff, as a holder of an

SFIP, cannot assert extra-contractual state-law claims because such claims are barred and preempted by federal constitutional, statutory, and regulatory law. *See, e.g., Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir. 2007) (holding that the National Flood Insurance Act does not expressly authorize policyholders to bring extra-contractual claims against their WYO insurers and that there is no evidence of congressional intent to allow policyholders to file extra-contractual claims under the Act).

The Court has reviewed Allstate's motion and the applicable law. Finding that it has merit, the Court hereby GRANTS Allstate's motion for summary judgment. Plaintiff's claims against Allstate are HEREBY DISMISSED WITH PREJUDICE.

**II.   RESIDUAL MATTERS**

Although the Court's granting Allstate's summary judgment dismisses Allstate from this action, it does not dispose of this case. Plaintiff also brought suit against (1) Louisiana Citizens Property Insurance Company, a Louisiana corporation, which apparently issued a homeowner's policy to plaintiff; (2) her insurance agent, Charles Smith and Associates' Insurance Company; (3) Standard Mortgage Company, which serviced the mortgage on plaintiff's home until 2003; and (4) 1st Palm Financial Services, which assumed responsibility for servicing the mortgage on

plaintiff's house in 2003. The Court has already dismissed plaintiff's claims against Charles Smith and Associates and Standard Mortgage. (*See* R. Docs. 30, 32.) But Louisiana Citizens and 1st Palm Financial remain as defendants. The Clerk of Court entered a default against 1st Palm Financial, which has never filed an answer to plaintiff's complaint or made an appearance in this case. (*See* R. Doc. 20.) Plaintiff, however, has not moved for a default judgment against 1st Palm Financial, and it is not clear whether 1st Palm Financial was ever properly served.

From the looks of the record in this matter, it appears that there has been virtually no activity in this case since the Court dismissed plaintiff's claims against her insurance agent and Standard Mortgage in early August 2007. As noted, *supra*, plaintiff did not respond to Allstate's motion for summary judgment, and the record indicates that two court mailings sent to plaintiff and 1st Palm Financial were returned as undeliverable on February 22, 2008. (*See* R. Docs. 35, 36.) Inexplicably, however, Louisiana Citizens has not filed any pretrial motions.

Trial in this matter is set to begin the morning of June 9, 2008, and a final pretrial conference is scheduled for May 29, 2008 at 4:00 p.m. But judging from the record, this matter does not appear ready to proceed to trial. No party has filed a list

of witnesses and exhibits to be presented at trial. The Court HEREBY ORDERS the remaining parties to attend the scheduled pretrial conference to discuss plaintiff's prosecution of her remaining claims. Failure to appear may result in sanctions, including the dismissal of plaintiff's claims.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Allstate's motion for summary judgment and HEREBY ORDERS that plaintiff's claims against Allstate BE DISMISSED.

The remaining parties are ORDERED to attend the pretrial conference as scheduled on May 29, 2008 at 4:00 p.m. Failure to appear may result in sanctions, including the dismissal of plaintiff's claims.

New Orleans, Louisiana, this 27th day of May 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE