```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MARIA LOUISE NELSON                          CIVIL ACTION

VERSUS                                       NO: 06-9631

CHARLES SMITH AND ASSOCIATES                 SECTION: R(5)
INSURANCE COMPANY, ET AL.
```

## ORDER AND REASONS

In advance of trial in this matter, the Court addresses whether it has subject matter jurisdiction over plaintiffs' state-law claims against defendant Louisiana Citizens Property Insurance Corporation, a non-diverse and the only remaining defendant. For the following reasons, the Court concludes that it is no longer appropriate to exercise supplemental jurisdiction over plaintiff's claims and REMANDS this case to state court.

I.   PROCEDURAL AND FACTUAL BACKGROUND

On August 25, 2006, plaintiff Maria Nelson filed suit in the Civil District Court for the Parish of Orleans against (1)

Louisiana Citizens Property Insurance Company, her homeowner's insurer and a Louisiana corporation; (2) Allstate Insurance Company, her flood insurer; (3) Charles Smith and Associates, Inc., her insurance agent; (4) Standard Mortgage Company, which serviced her mortgage until 2003; and (5) 1st Palm Financial Services, which allegedly assumed responsibility for servicing plaintiff's mortgage after 2003. Plaintiff owns a home in New Orleans East that was damaged in Hurricane Katrina. Her *pro se* complaint is skeletal, but she asserts cognizable claims for breach of contract and improper claims adjustment against her insurers. She does not refer, however, to familiar statutory provisions providing for penalties and damages such as La. Rev. Stat. §§ 22:658, 22:1220.

Allstate then removed this case on federal question grounds. Acting as a "Write-Your-Own" carrier under the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.*, Allstate had issued plaintiff a Standard Flood Insurance Policy (SFIP). After a relative lull in pretrial activity, plaintiff's insurance agent filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and Standard Mortgage moved for summary judgment. (R. Docs. 6, 17.) The Court dismissed plaintiff's claims against her agent on the ground that she had failed to allege an actionable breach of duty against him. (R.

Doc. 32.) The Court granted summary judgment in favor of Standard because any obligations that it might have had to plaintiff ceased in 2003, well before the liability period. (R. Doc. 30.) 1st Palm Financial has never filed an answer to plaintiff's complaint. 1st Palm was never properly served. There is a signed certified mail receipt for a summons in the record, but there is no indication that plaintiff either served 1st Palm through the Louisiana Secretary of State's Office or another registered agent for service of process or personally served a corporate representative. On April 15, 2008, the final date for filing pretrial motions before the scheduled June 9, 2008 trial in this case, Allstate moved for summary judgment on the ground that plaintiff failed to submit a proof of loss as required by her SFIP. Plaintiff did not respond to Allstate's motion, which the Court granted on the merits on May 27, 2008. (R. Doc. 40.) Thus, only Citizens remains as a defendant. And the only claims that remain are plaintiff's state-law claims against Citizens for breach of contract and improper claims adjustment.

The record suggests no activity on the Citizens claim by plaintiff or defendant. Citizens recently switched counsel, and its new attorney enrolled in the case only two weeks before the scheduled trial date of June 9, 2008. Plaintiff informed the Court that she does not have any documents or any other

evidentiary material to support her claim against Citizens at this time.

## II. JURISDICTION

In its proposed pretrial order, Citizens raises the threshold question of whether the Court has subject matter jurisdiction. Citizens maintains that this Court lacks subject matter jurisdiction because complete diversity does not exist between it and the plaintiff and the amount in controversy does not exceed $75,000. It is clear that the Court does not have diversity jurisdiction over this matter under 28 U.S.C. § 1332(a) because the parties are not completely diverse. Plaintiff is a Louisiana citizen, and Citizens is a Louisiana non-profit corporation.

But the Court's subject matter jurisdiction over this matter has never been based on diversity. The Court's original jurisdiction was based on a federal question under 28 U.S.C. § 1331 because plaintiff's claims against Allstate arose under her SFIP. The National Flood Insurance Act grants federal courts original, exclusive jurisdiction over lawsuits against the Director of FEMA and "Write-Your-Own" carriers such as Citizens for denials of claims made by insureds under their SFIPs. *See* 42 U.S.C. § 4072; *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389

4

(5th Cir. 2005); *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 532-36 (E.D. La. 2006).

The Court's federal question jurisdiction over plaintiff's claims against Allstate gave rise to supplemental jurisdiction over plaintiff's claims against defendants other than Allstate. Under 28 U.S.C. § 1367(a), subject to certain limitations discussed *infra*, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Perhaps the most familiar example of supplemental jurisdiction is the exercise of jurisdiction over "pendent" state law claims that are brought against a party alongside federal claims. But § 1367 also provides for supplemental jurisdiction over state law claims brought against separate party that is not also subject to federal claims: "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). As plaintiff's claims concern damage to her house resulting from Hurricane Katrina, her state-law claims against her homeowner's insurer, her insurance agent, and her mortgage financiers, whether meritorious or not, are linked to the same underlying event such that they are "part of the same case or controversy." Now that the Court has dismissed

5

plaintiff's claims against Allstate, however, its original basis for exercising jurisdiction no longer exists, and the Court must determine whether the continued exercise of supplemental jurisdiction is appropriate.

A district court has discretion in deciding whether to exercise supplemental jurisdiction over state-law claims in the absence of any related federal law claims. *See, Smith v. Amedisys, Inc.*, 298 F.3d 434, 446 (5th Cir. 2002) (reviewing district court's decision to retain jurisdiction over pendent state law claims for abuse of discretion); *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) ("[T]he decision as to whether to retain the pendent claims is within the sound discretion of the district court."). In deciding whether to exercise supplemental jurisdiction, a court should consider the provisions of 28 U.S.C. § 1367(c) and the values of judicial economy, convenience, fairness, and comity outlined in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). *See Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). Under 28 U.S.C. § 1367(c), which 28 U.S.C. § 1367(a) cross-references as a moderating provision, a district court may decline to exercise supplemental jurisdiction if:

>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or

claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are compelling reasons for declining jurisdiction.

As a "general rule," courts should "decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Lloyd's London and Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 and No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006) (citing *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992); *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)). Particularly important considerations are the point in the litigation at which the dismissal of federal-law claims occurs, the extent to which the federal and state law claims overlap, and how familiar the trial court is with the state claims. *See Underwriters*, 461 F.3d at 579 n.62 (quoting *Carnegie-Mellon*, 484 U.S. at 351) (noting that dismissal of federal-law claims "at an 'early stage' of the litigation [is] 'a powerful reason to choose not to continue to exercise jurisdiction'"); *Amedisys*, 298 F.3d at 447 (identifying the degree to which a court is familiar with the merits of the case as an important factor to consider in determining whether

retention of supplemental jurisdiction is appropriate); *Batiste v. Island Records Inc.*, 179 F.3d 217, 228 (5th Cir. 1999) (explaining that the district was familiar with merits of case after extensive pretrial activity and that "further proceedings in the district court would prevent redundancy and conserve scarce judicial resources"); *Parker & Parsley Petroleum*, 298 F.3d at 587 (explaining that trial court had no basis to exercise supplemental jurisdiction over remaining state-law claims after dismissing civil RICO claim because the court "was not intimately involved in, and familiar with, the case that proceeding further in federal court would have prevented redundancy"). Of course, the general rule is "neither mandatory nor absolute." *Amedisys,* 298 F.3d at 447. [N]o single factor is dispositive in [the] analysis" of whether to decline jurisdiction, and each case must be decided "in light of [its] specific circumstances." *Batiste*, 179 F.3d at 227 (internal quotations omitted).

Having considered all the factors discussed *supra* and the history of this case, the Court concludes that it is no longer appropriate for it to exercise supplemental jurisdiction. In terms of the 28 U.S.C. § 1367(c) factors, the Court finds that two of the three factors weigh in favor of remand. To be sure, plaintiff's claims are not novel or complex; they are fairly typical of the types of claims brought by Louisiana homeowners

who have suffered losses as a result of Hurricane Katrina. This arguably counts in favor of retaining jurisdiction. *See id.* § 1367(c)(1). But the only reason plaintiff's case wound up in federal court is because she sued her flood insurer under her SFIP. Now that the court has dismissed all claims over which it ha[d] original jurisdiction, only plaintiff's state law claims remain, which counts in favor of remand. *See id.* § 1367(c)(2), (3).

With respect to the factors of judicial economy, fairness, and convenience, the Court finds that these factors also weigh in favor of remand. Although the Court has ruled on dispositive pretrial motions filed by plaintiff's flood insurer, insurance agent, and her former mortgage services provider, none of those motions actually addressed issues that go to the ultimate merits of her underlying claims for breach of contract and improper claims adjustment against Citizens. Plaintiff did not assert related federal and state-law claims against Citizens such that the Court's resolution of her other claims covered much of the same factual and legal issues present in her state-law claim. The Court's rulings on other motions in this case have not involved issues that are implicated in plaintiff's claims against Citizens over whether it properly adjusted wind damage to her house and adequately compensated her for her losses under the terms of her

policy. The Court granted Standard Mortgage's motion for summary judgment because Standard showed that any responsibilities that it might have had toward plaintiff ended in 2003, well before the period of liability in this case. (*See* R. Doc. 30.) It summarily dismissed plaintiff's claims against her insurance agent for plaintiff's failure to allege an actionable breach of duty. (*See* R. Doc. 32.) The Court granted summary judgment in favor of plaintiff's flood insurer, which supposedly paid plaintiff her full flood policy limits for damage to her home in inundated New Orleans East, because of uncontroverted proof that she failed to comply with the strict requirements of her SFIP. (*See* R. Doc. 40.) Therefore, the Court is not so intimately familiar with plaintiffs' claims against Citizens that it would be redundant or highly inefficient to remand this case to state court.

And even though the Court addresses the jurisdictional question close to trial, remand at this stage will not prejudice the parties. After the initial period of pretrial motions practice, this case appears to have slipped through the cracks. There is no indication that either plaintiff or Citizens has engaged in meaningful pretrial discovery, either in terms of document review or depositions. Allstate, plaintiff's flood insurer, filed its motion for summary judgment at the deadline for dispositive pretrial motions. Its argument was premised on

plaintiff's failure to comply with the terms of her SFIP, which must be strictly enforced. It did not address the extent of her property damage or any issues of causation. Had Allstate filed its motion at an earlier stage in the litigation and the Court granted it, the Court would have been compelled to remand this matter. *See Underwriters*, 461 F.3d at 579 n.62 (quoting *Carnegie-Mellon*, 484 U.S. at 351) (noting that dismissal of federal-law claims "at an 'early stage' of the litigation [is] 'a powerful reason to choose not to continue to exercise jurisdiction.'"). That Allstate filed its motion relatively late in the pretrial period and the Court granted it relatively close to trial is of no moment. The timing of the Court's dismissal of the federal question in this case does not materially change the Court's analysis of whether retention of jurisdiction is appropriate because neither the parties nor the Court has invested substantial resources in resolution of plaintiff's remaining claims against Citizens. Unlike the cases in which the Fifth Circuit held that retention of jurisdiction was warranted, Citizens has not engaged in any pretrial motions practice. *Compare Smith*, 298 F.3d at 447 (explaining that exercise of supplemental jurisdiction was appropriate because district court had "substantial familiarity" with all claims after reviewing parties' briefs), *with La Porte Constr. Co. v. Bayshore Nat'l*

*Bank of La Porte, Texas*, 805 F.2d 1254, 1257 (5th Cir. 1986) (explaining that fairness considerations did not weigh in favor of exercising supplemental jurisdiction because "the defendants [had] not devoted substantial time and effort to defending the state claim in federal court"). The Court has not had an opportunity to consider issues that go to the merits of plaintiff's claims against Citizens. Citizens has not filed any dispositive pretrial motions. It is not as though a decision here to remand would put before the state court — the plaintiff's original choice of forum — issues that have been fully developed and presented to the Court for resolution. Indeed, it is as though the case between plaintiff and Citizens has just begun. Citizens recently switched counsel who enrolled in the case only two weeks before the trial date, and plaintiff does not have evidence on hand to prosecute her claims. Practically speaking, the parties are in the early stages of litigation. Since the original basis for the Court's jurisdiction no longer exists, and the only remaining claims are state-law issues that no party has sought to resolve through pretrial briefing, the factors that warrant retention of supplemental jurisdiction are not present here. Therefore, the Court finds that the posture of this case warrants its remand to state court.

**III. CONCLUSION**

    For the following reasons, the Court REMANDS this case to the Civil District Court for Orleans Parish.

    New Orleans, Louisiana, this __6th__ day of June 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE